UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHELBY LEE WILLIAMS and RANDY EDWARD POUNCY, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiffs*, | § § | No. _____ |
| v. | § § | |
| CENIKOR FOUNDATION and WILLIAM BAILEY; | § § § § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Shelby Lee Williams and Randy Edward Pouncy (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Cenikor Foundation and William Bailey (collectively referred to as "Defendants" or "Cenikor"). In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Cenikor violated the FLSA by employing Williams, Pouncy and other similarly situated nonexempt employees at a rate below the statutory minimum wage. 29 U.S.C. § 206(a)(1)(C).

4. Cenikor violated the FLSA by employing Williams, Pouncy and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Cenikor violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid regular and overtime wages.

## II.  Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Cenikor resides in the Beaumont Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Beaumont Division of the Eastern District of Texas.

## III.  Parties

9. Williams is an individual who resides in Jefferson County, Texas and was employed by Cenikor during the last three years.

10. Pouncy is an individual who resides in Jefferson County, Texas and who was employed by Cenikor during the last three years.

11. Cenikor Foundation is a Texas nonprofit corporation that may be served with process by serving its registered agent:

> William (Bill) Bailey
> 11931 Wickchester Ln, Ste 300
> Houston, Texas 77043

Alternatively, if the registered agent of Cenikor Foundation cannot with reasonable diligence be found at the company's registered office, Cenikor Foundation may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

12. William (Bill) Bailey is an individual who may be served with process at:

11931 Wickchester Ln, Ste 300
Houston, Texas 77043

13.     Cenikor and Bailey are Plaintiffs' employers for FLSA purposes because, among other things they, (1) controlled the time, place and manner of work for Plaintiffs and the members of the putative class; (2) refused to pay Plaintiffs and the members of the putative class at the statutory minimum wage; (3) refused to pay Plaintiffs and the members of the putative class overtime compensation; (4) unlawfully assigned Plaintiffs' and the members of the putative class wages payable by third parties to Cenikor; (5) refused to pay wages free and clear to Plaintiffs and the members of the putative class; and (6) promulgated employment policies (including compensation policies, nondiscrimination policies, workplace safety policies, employee discipline policies, etc.) that Plaintiffs and the members of the putative class were required to comply with.

14.     Whenever it is alleged that Cenikor committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Cenikor or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

IV.  Facts

15.     Cenikor does business in the territorial jurisdiction of the Court.

16. According to its website, Cenikor is "committed to helping people with alcohol and drug addiction as well as behavioral health issues through a full continuum of care."

17. It claims to "serv[e] over 1,000 clients per week to achieve better health and better lives[]" and purports to help clients achieve "better health and better lives" through inpatient drug and alcohol rehabilitation.

18. But that is not what actually happens—disguised as a drug and alcohol rehabilitation program, Cenikor's program actually requires patients to work as much as 80 hours per week in manual labor jobs for Centikor's customers *for absolutely no pay*.

19. Cenikor's customers are well-known entities and organizations (for example, Walmart, the Houston Livestock Show and Open, GP&C, Brock Services, Formosa Plastics, etc.).

20. To its customers, Cenikor is simply a staffing agency; it agrees to provide labor to them and negotiates the terms and conditions under which the workers will be employed (for example, hours, rate(s) of pay, etc.).

21. In fact, Cenikor had the authority to make all employment-based decisions vis-à-vis Plaintiffs and the members of the putative class.

22. Many of the patients/employees enter Cenikor's program as a result of a court order; others enter Cenikor's program voluntarily.

23. Naturally, those patents/employees who enter Cenikor's program as a result of a court order run the risk of being imprisoned or having their probation revoked if they refuse to work without pay.

24. Cenikor employed Williams as a manual laborer from approximately September 2016 to September 2018.

25. Cenikor employed Pouncy as a manual laborer from approximately September 2015 to June 2017.

26. During Plaintiffs' employment with Cenikor, they were engaged in commerce or the production of goods for commerce.

27. During Plaintiffs' employment with Cenikor, the company and Bailey were an enterprise engaged in commerce because they (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

28. Cenikor required Plaintiffs and the putative class members to work (many times in excess of 40 hours per week) without any pay at all.

29. Cenikor's illegal scheme to keep the wages earned by Plaintiffs and the members of the putative class for work they performed for third-parties in exchange for room, board and alleged rehabilitation (which was, many times, court-ordered) is a violation of 29 C.F.R. § 531.35 because the wages were not paid free and clear.

30. During Plaintiffs' employment with Cenikor, they regularly worked in excess of forty hours per week.

31. Cenikor knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

32. Cenikor did not pay Plaintiffs wages of at least $7.25 an hour. 29 U.S.C. § 206(a)(1)(C).

33. Cenikor did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

34. Cenikor knew or reasonably should have known that Plaintiffs were not exempt from the minimum wage or maximum hour provisions of the FLSA.

35. Cenikor failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

36. Cenikor knew or showed a reckless disregard for whether its pay practices violated the FLSA.

37. Cenikor is liable to Plaintiffs for their unpaid regular and overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

38. If Cenikor classified Plaintiffs as exempt from the minimum wage or maximum hour requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

39. All employed by Cenikor are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid at least the minimum wage; (4) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Cenikor pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure to Pay the Statutory Minimum Wage in Violation of 29 U.S.C. § 206(a)

40. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41. During Plaintiffs' employment with Cenikor, they were nonexempt employees.

42. As nonexempt employees, Cenikor was legally obligated to pay Plaintiffs at the minimum wage. 29 U.S.C. § 206(a)(1)(C).

43. Cenikor failed to pay Plaintiffs for any of the hours they worked at the minimum wage.

44. Specifically, all of the wages earned by Plaintiffs were retained by Cenikor in exchange for room, board and *alleged* rehabilitation; thus Plaintiffs were paid less than the minimum wage in violation of 29 U.S.C. § 206(a)(1)(C).

45. If Cenikor classified Plaintiffs as exempt from the minimum wage requirements of the FLSA, they were misclassified because no exemption excuses the Cenikor's noncompliance with the minimum wage requirements of the FLSA.

46. Cenikor knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Cenikor willfully violated the minimum wage requirements of the FLSA

## VI. Count Two—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

47. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Plaintiffs' employment with Cenikor, they were nonexempt employees.

49. As nonexempt employees, Cenikor were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

50. Cenikor did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

51. Instead, all of the wages earned by Plaintiffs were retained by Cenikor in exchange for room, board and *alleged* rehabilitation, thus Plaintiffs were paid less than the minimum wage and overtime in violation of 29 U.S.C. § 206(a)(1)(C) and 29 U.S.C. § 207(a)(1).

52. In other words, Cenikor did not pay Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

53. If Cenikor classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

54. Cenikor knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Cenikor willfully violated the overtime requirements of the FLSA.

### VII. Count Three—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

55. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

57. In addition to the pay violations of the FLSA described above, Cenikor also failed to keep proper time and pay records as required by the FLSA.

## VIII. Count IV—Collective Action Allegations

58. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. On information and belief, other employees have been victimized by Cenikor's violations of the FLSA identified above.

60. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied wages, including minimum and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

61. Cenikor's policy or practice of failing to pay any wages, including minimum and overtime compensation, is a generally applicable policy or practice and does not depend on the personal circumstances of the members of the putative class.

62. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the members of the putative class, collective action treatment is appropriate. All patients/employees of Cenikor, regardless of their rates of pay, who were paid at a rate less

than minimum wage or less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All patients/employees who worked for Cenikor (including patients/employees who performed work for the benefit of third parties on behalf of Cenikor) and who were not paid at the statutory minimum wage for all hours worked and/or proper overtime wages.

63. Cenikor is liable to Plaintiffs and all other patients/employees for the difference between what it actually paid them and what it was legally obligated to pay them.

64. Because Cenikor knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and all other patients/employees their unpaid regular and overtime wages for at least the last three years.

65. Cenikor is liable to Plaintiffs and all other patients/employees in an amount equal to their unpaid regular and overtime wages as liquidated damages.

66. Cenikor is liable to Plaintiffs and all other patients/employees for their reasonable attorneys' fees and costs.

67. Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## IX. Prayer

68. Plaintiffs pray for the following relief:

a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. judgment awarding Plaintiffs and all other patients/employees all unpaid wages, including overtime compensation, liquidated damages, attorneys' fees and costs;

c. post judgment interest at the applicable rate;

d. incentive awards for any class representative(s); and

e. all such other and further relief to which Plaintiffs and the all other patients/employees may show themselves to be justly entitled.

        Respectfully submitted,

        MOORE & ASSOCIATES

By: */Melissa Moore/*
        Melissa Moore
        State Bar No. 24013189
        Curt Hesse
        State Bar No. 24065414
        Lyric Center
        440 Louisiana Street, Suite 675
        Houston, Texas 77002
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        **ATTORNEYS FOR PLAINTIFFS**

Of counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739